IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00717-MSK-KMT

BRIAN L. BROWN,

       Plaintiff,

v.

THE UNITED STATES OF AMERICA,

       Defendant.

---

## ORDER ON MOTIONS AND APPEALS

---

THIS MATTER comes before the Court on two appeals **(#31, #68)** by the Plaintiff[1] from rulings by the Magistrate Judge, a motion to dismiss **(#41)** filed by the Defendant, the Plaintiff's motion **(#47)** to allow for limited discovery before ruling on the motion to dismiss, and a motion to transfer Claim 1 **(#70)** filed by the Plaintiff. All are fully briefed. Having considered the same, the Court

       **FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the instant motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The Plaintiff appears *pro se*. Thus, the Court construes his complaint and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court does not serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.  Background

This civil action began in the United States Court of Federal Claims.  The Plaintiff, Brian Brown, asserted two claims under the Federal Tort Claims Act ("FTCA") alleging the loss of personal property valued at $259.05.  The Court of Federal Claims determined that it lacked subject matter jurisdiction, then transferred the action to this Court under 28 U.S.C. § 1631.

Mr. Brown then filed an Amended Complaint (**#7**) against the United States of America, Ernie Romero, and Officer O'Donnell as Defendants.  On the Defendants' unopposed motion, the Magistrate Judge amended the caption to reflect that the sole Defendant in this case is the United States (**#34**).

Mr. Brown currently asserts two claims.  In Claim 1, Mr. Brown alleges that on December 20, 2004, $171.90 worth of personal property was not returned to him when he was transferred from USP Leavenworth in Kansas to another prison.  In Claim 2, he alleges that on June 22, 2005, $87.15 worth of personal property was taken from his storage locker when a prison officer allowed other inmates to go through his property when he was housed at USP Florence in Colorado.

## III.  Motion for Appointment of Counsel

Shortly after he filed his Amended Complaint, Mr. Brown moved (**#24**) for the appointment of counsel.  In his motion, Mr. Brown gave the following reason for his request:

> Plaintiff's ability to properly present his claims due to constant housing in Special Housing, no proper paper, pencil, nor law library access, and Plaintiff will be transferring out of Florida, to a three month transfer, my ability due to alone constant transferring and inability to access the Courts properly, *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995).

Magistrate Judge Watanabe considered **(#26)** the merits of Mr. Brown's claims, the nature of the factual issues presented, Mr. Brown's ability to present his claims, and the complexity of the legal issues raised. He then denied the motion after finding that Mr. Brown "currently appears to be able to present his case adequately" and that the "factual and legal issues raised are not so numerous or complex that the plaintiff is unable to present his case adequately."

Mr. Brown appeals **(#30, #31)** from the Magistrate Judge's ruling. The United States opposes **(#37)** the appeal.

Pursuant to Fed. R. Civ. P. 72(a), this Court must set aside any part of the Magistrate Judge's order that is clearly erroneous or is contrary to law. When a plaintiff in a civil case moves for the appointment of counsel, pertinent factors to consider are the merits of the plaintiff's claims, the nature of the factual issues raised in the claims, the plaintiff's ability to present his claims, and the complexity of the legal issues raised by the claims. *Rucks*, 57 F.3d at 979 (quotations and citations omitted). Here, the Magistrate Judge considered the arguments made by Mr. Brown in his motion, applied the pertinent *Rucks* factors, then determined that Mr. Brown is currently able to present his case adequately.

The magistrate judge's determination was neither clearly erroneous nor contrary to law. The magistrate judge correctly ascertained and applied the correct analysis. Mr. Brown's purported need for "proper" paper, pencils, or access to legal materials was unrelated to the factual issues or the complexity of the legal issues. It only marginally related to his ability to present his claims. Mr. Brown claimed no inability to file appropriate pleadings with this Court. Indeed, his ability to do is evident in the matters addressed in this ruling. Therefore, the Court affirms the Magistrate Judge's Order denying Mr. Brown's request for appointed counsel.

## IV.  Motion to Dismiss

The United States moves **(#41)** to dismiss Claim 1 for lack of subject matter jurisdiction. Although it concedes that Mr. Brown exhausted administrative remedies on Claim 1, the United States contends that this claim is jurisdictionally barred by the statute of limitations under the FTCA, 28 U.S.C. § 2401(b), because Mr. Brown did not commence this civil action within six months after the agency denied his tort claim.

Mr. Brown responds **(#65, #66)**[2] that the United States' argument is foreclosed by the doctrines of *res judicata* and collateral estoppel, because the Court of Federal Claims ruled that his delayed filing was permissible under the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988).  Mr. Brown also contends that the Federal Bureau of Prisons failed to timely respond to his administrative claim, therefore, he was permitted to commence this action at any time, without limitation.  Finally, he contends that the Court of Federal Claims may have improperly transferred the action to this district, at least with regard to Claim 1.

Upon receipt of the United States' motion to dismiss, Mr. Brown asked **(#47)** the Court to allow for limited discovery before ruling on the United States' motion.  The United States responded **(#48)** in opposition, and Mr. Brown did not reply.  The United States also filed a motion **(#49)** to stay discovery pending a decision on the motion to dismiss.  The Magistrate Judge granted **(#58)** that motion, Mr. Brown appealed **(#59, #64, #68)**, and the United States opposes **(#62, #72)** the appeal.

---

[2] The United States contends that Mr. Brown's response is untimely and should be rejected.  The Court declines this invitation.

**A.      Should Mr. Brown be Afforded Discovery Before the Court Rules on the Motion to Dismiss?**

Mr. Brown asks **(#47)** the Court to allow him limited discovery before ruling on his motion to dismiss.  He contends that he needs to obtain discovery which shows that he timely commenced this action, as well as discovery pertinent to other matters.  The United States opposes **(#48)** any discovery as to Claim 1, agrees that discovery as to Claim 2 is appropriate, but contends that any discovery should be postponed until after the Court rules on the motion to dismiss.

The United States filed a related motion **(#49)** to stay discovery pending a decision on the motion to dismiss, for the purpose of conserving the parties' and the Court's resources.  The Magistrate Judge granted **(#58)** the motion to stay discovery, without explanation, pending a ruling on the motion to dismiss.[3]  Mr. Brown has appealed **(#59, #64, #68)**[4] from such order.  He complains, *inter alia*, that he needs discovery in order to demonstrate when he gave his complaint to prison staff during May 2006.  The United States opposes **(#62, #72)** this appeal.

For reasons which shall become apparent *infra*, Mr. Brown does not need to engage in discovery before the Court rules on the motion to dismiss.  In addition, the stay of discovery is automatically lifted by the entry of this Order.  Therefore, the Court denies Mr. Brown's motion and dismisses his appeal, as moot.

---

[3] Upon reflection, it appears that this stay of discovery was improvidently entered.  The motion to dismiss pertains only to Claim 1, and apart from the conservation of resources, the United States articulated no reason which justified the stay of discovery as to Claim 2.

[4] The same objection was docketed three separate times.

**B.     Has the Jurisdictional Issue Been Determined?**

Mr. Brown contends that the Court of Federal Claims has already resolved the jurisdictional issue raised by the United States' motion.  In this regard, he invokes the doctrines of collateral estoppel and *res judicata*.  The United States argues that neither doctrine applies.

The doctrines of collateral estoppel and *res judicata* have similar elements.  Collateral estoppel applies when: (1) an issue was previously decided in a prior action, and the issue is identical with the issue presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.  *See Harrison v. Eddy Potash, Inc.,* 248 F.3d 1014, 1022 (10th Cir.2001).  By contrast, *res judicata* applies when: (1) there is a final judgment on the merits in an earlier action; (2) the parties in the two suits are the same; and (3) the cause of action in both suits is the same.  *See MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005), *cert. denied*, 547 U.S. 1040 (2006).

Neither doctrine applies in this case.  This matter is simply the continuation of an action that was commenced in the Court of Federal Claims; there has been no final adjudication of any issue, nor has there been a final judgment.

Arguably, Mr. Brown seeks to invoke a separate doctrine known as "law of the case."  Under this doctrine, when a court decides an issue, the same issue generally may not be relitigated in the same case.  *See Wessel v. City of Albuquerque,* 463 F.3d 1138, 1143 (10th Cir. 2006).  This doctrine, however, is also inapplicable, because the Court of Federal Claims did not decide the jurisdictional issue presented here.  It determined that it lacked subject matter jurisdiction over

Mr. Brown's claims, and that he could only proceed with his claims in a federal district court. It also determined that a transfer of the action to this Court was in the interest of justice. In doing so, it addressed the potential application of the prison mailbox rule to the filing of Mr. Brown's original complaint, and noted Mr. Brown's factual contentions pertaining to when he provided his complaint to prison staff. However, it expressly declined to decide whether Mr. Brown timely filed his complaint, stating: "As this court lacks jurisdiction to review plaintiff's arguments further, the district court of appropriate jurisdiction must determine whether plaintiff has satisfied the requirements of the mailbox rule under *Houston*." Thus, the jurisdictional issue was not decided by the Federal Court of Claims.

## C.      Did Mr. Brown Timely Assert Claim 1?

The FTCA, 28 U.S.C. § 2401(b), prescribes a time limitation for "beginning" a civil action:

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

This statute is jurisdictional because the timeliness of a lawsuit is one of several conditions that limit the United States' waiver of sovereign immunity under the FTCA. *See In re Franklin Savings Corp.,* 385 F.3d 1279, 1287 (10th Cir. 2004). Mr. Brown bears the burden of proving that the Court can exercise jurisdiction. *See Penteco Corp. Ltd. Partnership--1985A v. Union Gas,* 929 F.2d 1519, 1521 (10th Cir. 1991).

Pursuant to Fed. R. Civ. P. 12(b)(1), the United States moves to dismiss Claim 1 for lack

of subject matter jurisdiction, on the grounds that it was not timely asserted in this lawsuit. The United States has presented evidence in support of its motion, and Mr. Brown has presented evidence in opposition. To the extent that the jurisdictional facts are disputed, the Court may either hold an evidentiary hearing or postpone determination of the jurisdictional issue until trial. *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (discretion to hold evidentiary hearing); *Sizova v. Nat. Institute of Standards & Technology,* 282 F.3d 1320, 1326 (10th Cir. 2002) (discretion to determine manner of resolving an issue of subject matter jurisdiction).

When an administrative tort claim is timely presented to the appropriate Federal agency, the agency can make a decision on the claim at any time. However, "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). Thus, if the agency makes no decision within six months, then the claimant may deem the claim to be denied and commence a civil lawsuit within an indefinite period of time. *See Reo v. U.S. Postal Service,* 98 F.3d 73, 78 (3d Cir. 1996). However, if the agency formally denies the claim outside of the first 6-month period, then the mailing[5] of such denial triggers the 6-month period to initiate an action in federal court. *See Lehman v. United States,* 154 F.3d 1010, 1014-15 (9th Cir. 1998); *see also Arigo v. United States,* 980 F.2d 1159, 1161 (8th Cir. 1992) (acknowledging the agency's ability to trigger the limitations period).

With regard to the allegations in Claim 1, Mr. Brown filed an administrative tort claim

---

[5] The United States repeatedly asserts that this Court should look at the date when the claim was denied. However, the FTCA clearly provides that this Court must look at the date when the denial was mailed.

with the Federal Bureau of Prisons on March 14, 2005. The Federal Bureau of Prisons did not determine his claim within 6 months. Thus, Mr. Brown could have initiated this action by filing a complaint at any time thereafter. However the time period for filing a complaint was fixed when the Federal Bureau of Prisons formally denied the claim on November 17, 2005. Once that denial occurred, Mr. Brown was required to file his complaint within six months after the denial was mailed.

Unfortunately, there is nothing in the record which shows when the denial was mailed to Mr. Brown. It shows only that it was mailed by certified mail and was delivered on November 28, 2005. If the Court were to assume that mailing and delivery occurred on the same day, November 28, 2005, then to be timely, Mr. Brown's complaint would have had to be filed by May 28, 2006. Alternatively, if the Court were to assume that the denial was mailed on November 17, 2005, then the last day for filing a timely complaint would have been May 17, 2006.

There is no disagreement that Mr. Brown's complaint was filed in the Court of Federal Claims[6] on June 5, 2006, following both possible deadlines. This would make Mr. Brown's complaint untimely, unless the prison mailbox rule is applicable.

The prison mailbox rule treats the date on which a prisoner gives legal mail to prison staff for filing, as the filing date. The Supreme Court explained the rationale behind the prison mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1988), noting prisoners' practical inability to control when a pleading is filed with a court - prisoners cannot visit the courthouse, cannot interact directly

---

[6] The fact that Mr. Brown filed his complaint in the wrong court is insignificant. The action was transferred to this Court under 28 U.S.C. § 1631, which provides in relevant part: "the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

with the postal service, and are dependent upon prison staff to ensure delivery of pleadings to a court. *See Houston,* 487 U.S. at 270-72.[7]

Whether the prison mailbox rule applies in FTCA cases has not been expressly addressed in the Tenth Circuit. However, this Court notes that the FTCA, itself, does not preclude application of the prison mailbox rule and that it has been applied in FTCA actions elsewhere.[8] The justifications for the prison mailbox rule articulated in *Houston* would appear to be applicable in this context as in others. Therefore, the Court concludes that a prisoner may invoke the prison mailbox rule with regard to the filing of an FTCA complaint.

To invoke the prison mailbox rule, the prisoner must do one of two things: (1) if the prison has a legal mail system, the prisoner must use it; or (2) if the existing legal mail system is inadequate to satisfy the mailbox rule, the prisoner must submit either a declaration which complies with 28 U.S.C. § 1746, or a notarized statement, which sets forth the date the complaint was deposited with prison officials and attests that first-class postage was pre-paid. *See Price,* 420 F.3d at 1164-65. In this case, Mr. Brown used the prison's legal mail system to send his original complaint.[9]

---

[7] There are certain limitations on the prison mailbox rule. For example, it cannot be invoked when "the 'service' or 'filing' language in an applicable statute or rule establishes a specific regime to the contrary[.]" *See Price v. Philpot,* 420 F.3d 1158, 1164 n.5 (10th Cir. 2005) (extending the prison mailbox rule to complaints filed under 42 U.S.C. § 1983).

[8] This is consistent with the ruling in *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993) and the application of the rule with regard to the filing of an administrative claim with an agency under the FTCA in *Tapia-Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir. 1999).

[9] The front of the original envelope sent to the Court of Federal Claims bears two handwritten notations "special legal mail" and a postmark of May 31, 2006; the backside of the envelope bears two stamps, one which states "Received May 26 2006", and another from the United States Penitentiary mailroom which explains that the envelope was processed as special mail.

It appears, from the arguments made by the United States, that it was unaware of the information

The parties disagree as to the date **when** Mr. Brown gave his complaint to prison staff for mailing. Mr. Brown contends that he gave the complaint to prison staff on May 15, 2006.[10] At this point, there is no evidence to rebut this contention. For purposes of this motion, the Court accepts it as true. A filing of the complaint on May 15, 2006, falls within the applicable six month period regardless of whether it runs from November 17, 2005 or later. Thus, on this record, Mr. Brown's complaint was timely filed.

This is a presumptive, but not a conclusive determination. If and when Claim 1 is tried, Mr. Brown must prove that he timely filed his original complaint, either by proof of the time he delivered it to prison authorities to invoke the prison mailbox rule, or otherwise.[11]

### V. Motion to Transfer

Mr. Brown moves **(#70)** to transfer Claim 1 to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1631, and contends that this Court lacks jurisdiction over the claim. He asserts that the Court of Federal Claims erroneously transferred such claim to this Court, because the alleged tort occurred in Kansas.

Putting aside the issue of dismissal, the United States does not oppose **(#73)** transfer of Claim 1 to Kansas. However, the United States does not expressly address the jurisdictional

---

contained on this envelope, particularly the apparent 5-day delay between the receipt and mailing of the envelope. This is likely because the entirety of the envelope was not scanned into the record. However, the original envelope remains in this Court's file. The Court will direct the Clerk of Court to docket a copy of the entire envelope into the public record.

[10] Mr. Brown alleges this in his Amended Complaint, under penalty of perjury. Although the United States contests Mr. Brown's veracity, the Court treats this as it would an affidavit.

[11] In addition, the parties may wish to address the applicability of the Supreme Court's recent decision in *Ali v. Federal Bureau of Prisons*, _ U.S. _, _ S.Ct. _, 2008 WL 169359 (Jan. 22, 2008).

argument raised by Mr. Brown's motion.

Mr. Brown relies upon 28 U.S.C. § 1631 for both arguments. This statute allows a court to transfer a civil action to another jurisdiction when it lacks subject matter jurisdiction. It is inapplicable, here, because federal claims are asserted against the United States.

Because Mr. Brown appears *pro se*, and mindful of the Court's obligations under *Haines v. Kerner*, the Court therefore construes his motion as seeking a mandatory change of venue pursuant to 28 U.S.C. § 1402(b).[12] This statute provides that: "Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Mr. Brown resided in Colorado when he commenced this action, therefore venue is proper under this statute, even if one of his claims arose in Kansas.[13] Therefore, the Court denies Mr. Brown's motion to transfer.

**IT IS ORDERED THAT**:

(1)     With regard to Mr. Brown's appeal **(#30, #31)** from the Magistrate Judge's Order denying his requested for appointed counsel, the Magistrate Judge's Order is **AFFIRMED.**

(2)     The United States' motion to dismiss **(#41)** is **DENIED**.

(3)     The Clerk of Court shall scan a copy of the front and back sides of the original envelope received by the Court of Federal Claims on June 5, 2006, and assign it a

---

[12] Arguably, venue could be changed on a discretionary basis under 28 U.S.C. § 1404(a). However, insufficient facts are stated to justify a change of venue under this statute.

[13] In addition, this statute does not anticipate a transfer of claims, only actions. Here, there are two claims and no showing of any basis to sever them.

separate docket number.

(4)     Mr. Brown's appeal (**#59, #64, #68**) from the Magistrate Judge's Order staying

discovery is **DISMISSED**, and his motion (**#47**) for discovery is **DENIED**, as

moot.  The stay of discovery is lifted.

(5)     Mr. Brown's motion (**#70**) to transfer to the United States District Court for the

District of Kansas is **DENIED**.

Dated this 28th day of January, 2008

**BY THE COURT:**

*Marcia S. Krieger*

_____

Marcia S. Krieger
United States District Judge