IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00717-MSK-KMT

BRIAN L. BROWN,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA, RE:,
OFFICER ERNIE ROMERO, USP Florence CO, and
OFFICER (FNU) O. DONNELL, USP LEAVENWORTH

    Defendants.

**ORDER**

This matter is before the court on Plaintiff's "Motion to Allow Third Amended Complaint Fed. R. Civ. P. Rule 15(a) and Rule 19(a)" ("Mot." [Doc. No. 92, filed May 5, 2008].) The defendants objected, filing "Defendants' Response to Plaintiff's Motion to Allow Third Amended Complaint" ("Rsp." [Doc. No. 95, filed May 16, 2008].) The plaintiff filed a reply in which he substantially altered his original request concerning the filing of a Third Amended Complaint ("TAC"), however did not submit a new proposed TAC. ("Plaintiff's Traverse to the Defendant(s) Response to Plaintiff's Motion to Allow a Third Amended Complaint" ("Traverse"), [Doc. No 97, filed June 5, 2008].) The motion was referred to this court for

resolution by District Judge Marcia Krieger on May 5, 2008 and is ripe for review and resolution.

## I. *Procedural History*

This civil action began in the United States Court of Federal Claims. The Plaintiff, Brian Brown, asserted two claims under the Federal Tort Claims Act ("FTCA") alleging the loss of personal property valued at $259.05. The Court of Federal Claims determined that it lacked subject matter jurisdiction, then transferred the action to this Court under Title 28 U.S.C. § 1631. Mr. Brown then filed an Amended Complaint [Doc. No. 7] against the United States of America, Ernie Romero, and Officer O'Donnell as Defendants. On the Defendants' unopposed motion, the Magistrate Judge amended the caption to reflect that the sole Defendant in this case is the United States [Doc. No. 34].

Mr. Brown currently asserts two claims. In Claim 1, Mr. Brown alleges that on December 20, 2004, $171.90 worth of personal property was not returned to him when he was transferred from USP Leavenworth in Kansas to another prison. In Claim 2, he alleges that on June 22, 2005, $87.15 worth of personal property was taken from his storage locker when a prison officer allowed other inmates to go through Plaintiff's property while he was housed at USP Florence in Colorado.

The United States moved to dismiss Claim 1 for lack of subject matter jurisdiction. [Doc. No. 41]. The court denied the Motion to Dismiss on January 28, 2008. ("Jan. Order" [Doc. No. 77].) Further, the court denied the plaintiff's request to transfer jurisdiction of Claim 1 to the United States District Court for the District of Kansas.

The United States has now filed a second motion to dismiss for lack of jurisdiction pursuant to the Supreme Court's 2008 ruling in *Ali v. United States Bureau of Prisons,* ___ U.S. ___, 128 S. Ct. 831 (2008) *See* January 28, 2008 Order [Doc. No. 77] at p. 11, n. 11. This motion has been briefed and is currently pending before the District Court.

## II. Standard of Review

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

### B. Federal Rule of Civil Procedure 15(a)

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has excepted only limited circumstances under which denial of a timely filed motion to amend would be appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). The purpose of pleading is "to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957) (abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), recognizing new "plausibility" standard under which to consider Rule 12(b)(6) motions).

A liberal approach to leave to amend applies with particular force to *pro se* litigants. "[A] *pro se* plaintiff who fails to allege sufficient facts is to be given a reasonable opportunity to amend his complaint if justice so requires." *Dees v. Vendel*, 1993 WL 191815, 1 (10th Cir.

4

1993); *Roman-Nose v. New Mexico Dept. of Human Services*, 967 F.2d 435, 438 (10th Cir. 1992).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### III. Legal Analysis

#### A. Background

In *Ali*, the Supreme Court held the actions of corrections officers who are accused of mishandling an inmate's property fall within the FTCA's exception to the United States' waiver of sovereign immunity for claims arising from the detention of goods by "any other law enforcement officer." *Ali,* 128 S. Ct. at 841. Therefore, some claims brought by incarcerated persons pursuant to the FTCA sounding in tort and involving prisoner property will be subject to dismissal at preliminary stages on grounds of sovereign immunity.

As currently structured, Claim 1 asserts that Plaintiff's property, valued at $171.90, was mishandled by Bureau of Prisons when ". . . staff, failed to follow prison, and Federal Regulations and as a result of not following rules lost plaintiff's property. 28 CFR 541.22 and 23." (Am. Compl. filed April 25, 2007 [Doc. No. 7] ¶ 15.) Attached to the Amended Complaint as Attachment A, are documents Plaintiff labeled "Tort Claim Process." (*Id.* at 18).

In the January28, 2008 Order denying the motion to dismiss, District Court Judge Marcia Krieger invited the parties' attention to the recent *Ali* case. (Jan. Order, n. 11). In response, the

plaintiff has now filed the instant motion, attempting to re-characterize his first claim for relief as a "Tucker Act" claim and not a claim brought pursuant to the FTCA.[1] The TAC also sought to add additional party-defendants; however, the plaintiff has subsequently withdrawn the request to add parties. (Reply at 2, 9).

### B. *Undue Delay*

As noted infra, Fed. R. Civ. P. 15(a)'s liberal amendment grant can be abrogated if the petitioner has not timely filed the motion requesting allowance of an amended complaint. The defendants argue that Plaintiff Brown's TAC, brought before the court "699 days after Plaintiff's original complaint," is not timely and should be denied on the basis of undue delay. (Rsp. at 5-6). In examining the meaning of "undue delay" raised by *Foman*, the emphasis for reviewing courts has been on the meaning and applicability of the adjective "undue." Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. Fed. R. Civ. P. 15(a); *see also* 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed. 1990). However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with

---

[1] The plaintiff is somewhat schizophrenic in his approach to the modification request, stating "Plaintiff dose (sic) not seek to add a Tucker Claim Act, but only seeks to 'change' venu (sic), to 'only claim'[one]." (Reply at 2). The court initially read this statement to indicate that plaintiff was not seeking to bring a Tucker Act claim; however, that explication would be inconsistent with the remainder of the Reply. (*See e.g.*, ¶ 19). Therefore, the court will interpret this statement as a request by Plaintiff to change his legal theory supporting Claim 1 from a claim brought pursuant to the FTCA to a claim brought pursuant to the Tucker Act.

its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004); *see also USX Corp. v. Barnhart,* 395 F.3d 161, 167 (3d Cir. 2004).

Also important in deciding a motion to allow joinder of parties or new claims, especially when there is a substantial gap in time from the filing of the previous complaint, is whether the action would prejudice the nonmoving party. *United States v. Hougham,* 364 U.S. 310, 316 (1960). *See also Evans v. McDonald's Corp.,* 936 F.2d 1087, 1090-91 (10th Cir. 1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . ., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits" (internal quotation marks omitted)); 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 (2d ed. 1990) ("Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading."); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial").

In this case, the Supreme Court decided *Ali* on January 22, 2008. This decision has presented a significant obstacle to the plaintiff concerning Claim 1. In the TAC, the plaintiff does not seek to change or even enlarge the underlying factual basis for the injury allegedly suffered; rather, he seeks to change his legal basis for recovery. The plaintiff filed his Motion requesting that he be allowed to change his theory of recovery for Claim 1 on May 5, 2008, less than thirty days subsequent to the filing of another defense Motion to Dismiss filed on April 2,

2008, arguing the ramifications of the *Ali* decision. Therefore, this court cannot conclude that the plaintiff's motion was filed after "undue" delay, nor that allowing the amendment would substantially prejudice the defendants. Unfortunately, this conclusion fails to save the day for the plaintiff.

### C. Futility of Amendment

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)). A court is clearly justified in denying a motion to amend as futile if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim, *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992), or where the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003); *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).

It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 216-217 (1983). Given the posture of *Ali*, the question of consent for Plaintiff's Claim 1 under the FTCA is questionable. Conversely, the Tucker Act constitutes a waiver of sovereign immunity with respect to certain kinds of claims against the United States which may not be included in the FTCA. *Id.*

8

In the TAC, the plaintiff seeks to bring his accusation that prison officials mishandled his property as alleged in Claim 1 pursuant to the Tucker Act, Title 28, U.S.C. § 1491 instead of as originally cast pursuant to the FTCA. The Tucker Act states in pertinent part:

> "The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

Title 28, U.S.C. § 1491. The Tucker Act gives Article III district courts concurrent jurisdiction with the Court of Claims to hear breach-of-contract and other claims against the United States of up to $10,000.00[2]. *See, United States v. Sherwood*, 312 U.S. 584, 587 (1941); *Colorado Dept. of Highways v. U.S. Dept. of Transp.*, 840 F.2d 753, 755 (10th Cir. 1988). "[T]hrough the Tucker Act the United States has consented to be sued in the district courts and the Court of Claims for money damages arising out of certain specified circumstances." *Whiskers v. United States*, 600 F.2d 1332, 1334 (10th Cir. 1979).

Not every claim invoking the Constitution, a federal statute, or a regulation, however, is cognizable under the Tucker Act. The claim must be one for money damages against the United States, *see United States v. King*, 395 U.S. 1, 2-3 (1969), and the claimant must demonstrate that the source of substantive law he relies upon "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Mitchell*, 463 U.S. at

---

[2] If this court were to find that the Plaintiff had properly asserted a claim pursuant to the Tucker Act, the amount in controversy in this case would negate any requirement to transfer the claim back to the Court of Claims for resolution.

216-217. In sum, a Tucker Act claim seeking money damages must be founded either upon a contract or upon the Constitution or a federal statute[3] that itself grants a substantive right to compensation from the federal government. *Bridges v. Secretary of Air Force*, 955 F.2d 49, 1992 WL 26779, 1 (10th Cir. 1992) (emphasis added).

The Tucker Act "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S.392, 398 (1976). A substantive right and the mandate for federal compensation must be found in some other source of law, including an express or implied contract with the United States and be specified in the Complaint. *Id.* Jurisdiction cannot be premised on the asserted violation of regulations that do not specifically authorize awards of money damages. *Id*.

Plaintiff Brown has not cited to any Constitutional provision, Act of Congress, or regulation of an executive department which mandates compensation to him under the facts as Plaintiff describes them in the TAC. The TAC has not specifically listed the substantive right which he claims is enforceable through the Tucker Act. *Nzongda v. United States*, 77 Fed. Cl. 64, 65 (Fed. Cl. 2007) (plaintiffs in [Court of Claims] must identify a separate "money-mandating" statute that requires the government to pay the plaintiff for the injury alleged.)

Since there are no regulatory, statutory or Constitutional money-mandating statutes listed as support for the Tucker Act claim, the court had considered whether the plaintiff has a

---

[3]For purposes of a Tucker Act determination, an "authorized regulation" is the equivalent of a statute. *United States v. Hopkins*, 427 U.S. 123, 128 (1976); *Whiskers*, 600 F.2d at 1335.

contractual basis to bring Claim 1 pursuant to the Tucker Act. Although the Tucker Act refers to claims founded upon any implied contract with the United States, the Supreme Court has held that the Tucker Act does not reach claims based on contracts implied in law, as opposed to those implied in fact. *Merritt v. United States*, 267 U.S. 338, 341 (1925). *See also Hatzlachh Supply Co., Inc. v. United States*, 444 U.S. 460, 465 (1980).

In his proposed TAC, Plaintiff states "This is a claim, concerning two claims that are currently before the court for the loss of Property . . . Causing a Tucker Claim, Bailment Violation, failing to return property, loss of $171.90 T.T.A" [Doc. No. 92-2 at 3]. Plaintiff also lists the jurisdiction for Claim 1 as "28 USC 1491. 'The Tucker Act'." (*Id.*) However, the only possible allusion Plaintiff makes to any kind of implied contract occurs in paragraph 9 where plaintiff states,

> That Defendant O. Donnel, the R&D property officer, knowing that Plaintiff was a Colorado resident, claimed that all property would be sent as the form that claims property is there will have to be signed as received. (Attachment No. p. 30) property was to be mailed, to Colorado resident Plaintiff.

*Id.* at 4. This exchange allegedly took place in Leavenworth, Kansas.

Whether an implied-in-fact contract exists is a question of fact. *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1492-1493 (10th Cir. 1995). In Kansas, a mutual intent to form a contract is necessary to show that an implied-in-fact contract exists. *Atchison County Farmers Union Co-op Ass'n v. Turnbull*, 241 Kan. 357, 363, 736 P.2d 917, 922 (1987). A unilateral expectation on the part of the one person does not create an implied-in-fact contract which would bind another person or an entity. *Harris v. Board of Public Utilities of Kansas City*, 757 F.

Supp. 1185, 1190 (D. Kan.1991). A reasonable person must be able to find from all relevant circumstances presented that there was an intent on both sides to be bound. *Berry v. General Motors Corp.*, 838 F. Supp. 1479, 1492 (D. Kan. 1993).

To determine the parties' intent when considering whether an implied-in-fact contract exists, the Kansas Supreme Court, in an employment context, has endorsed the following language

> Where it is alleged that a . . . contract is one to be based upon the theory of "implied in fact," the understanding and intent of the parties is to be ascertained from several factors which include written or oral negotiations, the conduct of the parties from the commencement of the [] relationship, the usages of the business, the situation and objective of the parties giving rise to the relationship, the nature of the [relationship], and any other circumstances surrounding the [] relationship which would tend to explain or make clear the intention of the parties at the time said [contract] commenced.

*Morriss v. Coleman Co, Inc.*, 241 Kan. 501, 510, 738 P.2d 841, 847 (1987) *(quoting Allegri v. Providence-St. Margaret Health Center*, 9 Kan. App.2d 659, 684 P.2d 1031, 1031 (1984)). *See Panis,* 60 F.3d at 1492 -1493.

In reviewing whether an implied-in-fact contractual basis supporting the Tucker Act claim has been sufficiently alleged, the court will consider the factual allegations in the TAC to be true and will construe them in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court will consider all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). Even pursuant to this liberal consideration, Plaintiff does not allege sufficient facts to support the existence of any contract between himself and the United States with respect to his

personal property. Nor does he set forth facts from which such a contract could be implied. *Merritt*, 267 U.S. at 340-341.

The Federal Claims Court has held that members of a law enforcement or other agency accused of committing a tort violation by either failing to perform their official duties with respect to a plaintiff or negligently performed their duties, no matter how structured, are not cognizable under the Tucker Act. *Nzongda,* 77 Fed. Cl. at 65. The Claims Court cited *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (Fed. Cl. 1998) which held

> The court does not have jurisdiction over claims that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties. It does not have jurisdiction over harassment claims, or breach of duty claims, or claims involving tortious interference with contractual relationships[.] Even where the claim is framed under non-tort law, the court lacks jurisdiction if the essence of the claim lies in tort.

*Nzongda* at 65-66.

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court stated that to survive a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1182-1183 (10th Cir. 2002); *Sutton v. United Air Lines, Inc*., 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *Hall v. Bellmon*, 935 F.2d at 1110.

The plaintiff in this case has not alleged facts sufficient to support an implied in fact contract with the United States and has not alleged any underlying substantive money mandating law as required to proceed under the Tucker Act. This court concludes that plaintiff has failed to state a claim for which relief could be granted on Claim 1 of the proposed TAC if the amendment of the Complaint were to be allowed. Given his failure to identify the substantive prerequisite to entitle him to relief under the Tucker Act, his claim would be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Therefore, filing the proposed TAC would be futile.

### D. Remand of Claim 1 to Court of Claims

Pursuant to Tucker Act, the district court's jurisdiction is to be no greater than that of the Court of Claims, so if the Court of Claims could not hear a claim, neither could the District Court. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). Remand of Claim 1 to the Federal Court of Claims, even amended as proposed, would also be futile.

Wherefore, it is **ORDERED**

Plaintiff's "Motion to Allow Third Amended Complaint Fed. R. Civ. P. Rule 15(a) and Rule 19(a)" [Doc. No. 92] is DENIED.

Dated this 11th day of September, 2008.

**BY THE COURT:**

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge