IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00717-PAB-KMT

BRIAN L. BROWN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO TRANSFER**
_____

    This matter is before the court on defendant's motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) [Docket Nos. 81, 82][1] and plaintiff's motion for change of venue pursuant to 28 U.S.C. § 1402(b) and 28 U.S.C. § 1404(a) [Docket No. 85].[2]  Because the Court lacks subject-matter jurisdiction over this action, it is dismissed without prejudice.  Furthermore, because transfer would be improper, plaintiff's motion to transfer is denied.

---

    [1] Although the motion is entitled "Defendant's Second Motion to Dismiss *Claim One* of Plaintiff's Amended Complaint (Docket No. 7) Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3)" (emphasis added), the motion makes it clear that defendant is seeking dismissal of the entire complaint.

    [2] Plaintiff's motion entitled "Motion for Change of Venu [sic] 28 U.S.C. 1402(b) 28 U.S.C. 1404(a) and Deny Motion to Dismiss" also appears to be a response to defendant's pending motion to dismiss and a motion to amend plaintiff's Complaint.  The Court construes the document as a response, but does not consider the amendment in relation to this document.  That issue is more appropriately dealt with in plaintiff's motion for leave to file a third amended Complaint [Docket No. 92], the Magistrate Judge's Order denying it [Docket No. 100], and plaintiff's objection to the Magistrate Judge's Order [Docket No. 109].

### A. Background

As previously described by Judge Marcia S. Krieger in an Order issued in this case on January 1, 2008 [Docket No. 77], this civil action began in the United States Court of Federal Claims on June 5, 2006. The plaintiff, Brian Brown, a federal prisoner, asserted two claims under the Federal Tort Claims Act ("FTCA") alleging the loss of personal property valued at $259.05. The Court of Federal Claims determined that it lacked subject-matter jurisdiction and, on April 2, 2007, transferred the action to this Court under 28 U.S.C. § 1631 [Docket No. 1]. On April 25, 2007, Mr. Brown filed an amended Complaint [Docket No. 7] against the United States of America, Ernie Romero, and an Officer O'Donnell. On the defendants' unopposed motion, the Magistrate Judge amended the caption to reflect that the sole defendant in this case is the United States [Docket No. 34].

Mr. Brown's amended Complaint asserts two claims under the FTCA. In his first claim, Mr. Brown alleges that on December 20, 2004, $171.90 worth of personal property was not returned to him when he was transferred from USP Leavenworth to another prison. In his second claim, he alleges that on June 22, 2005, $87.15 worth of personal property was taken from his storage locker when a correctional officer allowed other inmates to go through his property when he was housed at USP Florence in Colorado.

### B. Motion to Dismiss

In June 2006, when Mr. Brown first filed this action, there was some uncertainty surrounding whether a federal prisoner could assert a tort claim under the FTCA for

property that was lost or damaged by correctional officers while the property was in the custody of the prison.  See Storm v. Bureau of Prisons, No. 4:08CV1690, 2009 WL 1163123, at *4 (N.D. Ohio April 29, 2009).  The Supreme Court resolved the uncertainty in January 2008 when it held, in a case that closely mirrors Mr. Brown's first claim, that the FTCA does not waive the United States' sovereign immunity for losses incurred by inmates when property is detained, then damaged or lost as a result of the tortious acts of Federal Bureau of Prisons officers.  See Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008) (discussing effect of 28 U.S.C. § 2680(c) (2006)).

Because the FTCA's waiver of sovereign immunity does not apply to situations like Mr. Brown's in which a federal correctional officer is accused of detaining and then losing an inmate's property, this Court lacks subject-matter jurisdiction.  See Ali, 552 U.S. 214 (affirming lower court finding that subject-matter jurisdiction was lacking).  In fact, Mr. Brown has conceded as much regarding his first claim.  See Mot. to Change Venue ¶ 14.  However, Mr. Brown continues to assert that his second claim is properly brought under the FTCA.  Mr. Brown bases this contention on his theory that his damages resulted not from a *detention* of property, but from a correctional officer's *failure to detain* property.  I disagree.

The district court for the Northern District of Ohio concluded that Ali foreclosed a FTCA claim under a similar set of facts.  Storm, 2009 WL 1163123, at *4.  The plaintiff in Storm, a prisoner in a federal correctional institution, alleged that a correctional officer gave his property to other prisoners while the plaintiff was housed in a segregated unit of the prison. Like Mr. Brown, the plaintiff in Storm attempted to

distinguish his claim from *Ali*'s interpretation of the exception in § 2680(c) by arguing that his claim was based on a failure to detain rather than a detention.  The court in *Storm* found this argument unavailing, citing to the Supreme Court's broad interpretation of § 2680(c)'s phrase "any claim arising in respect of" to mean "arising out of," thereby encompassing a claim which results from the negligent handling or storage of detained property.[3]  *Kosak v. United States*, 465 U.S. 848, 854 (1984).

      Mr. Brown's claim arguably goes a step further than the plaintiff's claim in *Storm* because, while the officers in *Storm* at one time detained all of the property in question, Mr. Brown alleges that his loss resulted from a correctional officer's failure to take possession of some of his property in the first instance.  However, Mr. Brown's claim does not go far enough to remove it from the purview of § 2680(c).  Mr. Brown is essentially arguing that the officer negligently handled his property – i.e., breached a duty to Mr. Brown – by collecting and storing some of his property outside the presence of other inmates and not collecting the rest.  Therefore, both of Mr. Brown's claims fall within the exception to the FTCA's waiver of sovereign immunity in § 2680(c).  As a consequence, this Court lacks subject-matter jurisdiction over Mr. Brown's claims and the action must be dismissed.

---

[3] The relevant portion of the statutory provision, reads, "The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ."  28 U.S.C. 2680(c) (2006).

### C. Motion to Transfer Venue

In his motion to transfer, Mr. Brown invokes 28 U.S.C. § 1402(b) and 28 U.S.C. § 1404(a). In addressing Mr. Brown's previous motion to transfer [Docket No. 70], the Court addressed § 1402(b) and denied transfer on those grounds [Docket No. 77]. Mr. Brown presents no new arguments for why a § 1402(b) transfer would be appropriate now. In fact, because § 1402(b) applies to civil actions brought under the FTCA and, as discussed above, Mr. Brown's FTCA claims are barred, § 1402(b) is inapplicable.

Mr. Brown's request for transfer under § 1404(a) also must fail. The first problem is that he only seeks to change the venue for his first claim, contending that Colorado is still the proper venue for his second claim. *See* Mot. to Change Venue at 7. Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," a court should not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, I accept Mr. Brown's assertions regarding venue as made. However, "[s]ection 1404(a) only authorizes the transfer of an entire action, not individual claims." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991). As a consequence, plaintiff's motion to transfer one claim is improper and his request must be denied.

Furthermore, a district court may transfer a civil action under § 1404(a) only to a "district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006); *see Hoffman v. Blaski*, 363 U.S. 335, 342-44 (1960). Therefore, as discussed above, because Mr. Brown's claims as pled are untenable in any court, transfer is not possible.

Finally, it appears that Mr. Brown sought transfer because he believed that he must do so in order to pursue a claim under the Tucker Act. *See* Pl.'s Objection and Mot. for De Novo Review by the District Court Judge [Docket No. 109] at 9. Having since learned otherwise, it is not clear that Mr. Brown still desires transfer.

Therefore, it is

**ORDERED** that defendant's motion to dismiss [Docket Nos. 81, 82] is GRANTED. Plaintiff's amended Complaint is dismissed without prejudice. It is further

**ORDERED** that plaintiff's motion for change of venue [Docket No. 85] is DENIED. It is further

**ORDERED** that plaintiff's "Motion for Leave of Court to Exhaust Tort Claim Action Complaint" [Docket No. 112] and "Motion to District Court Judge to Continued [sic] to Proceed Informa [sic] Pauperis" [Docket No. 139] are DENIED as moot. It is further

**ORDERED** that the clerk shall forthwith enter judgment in favor of defendant the United States and against plaintiff Brian L. Brown.

DATED September 22, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge